## SHERWIN–WILLIAMS CO. v. AMERICAN CHEMICAL PAINT CO.
### Civil Action No. 850.

District Court, D. Delaware.

Nov. 12, 1946.

See also, D.C., 67 F.Supp. 685.

Clair W. Fairbank, of New York City, N. Y., Albert L. Ely, Jr. (of Ely & Frye), of Cleveland, Ohio, and Marvel & Morford, of Wilmington, Del., for plaintiff.

Caesar & Rivise, of Philadelphia, Pa., and Herbert L. Cobin, of Wilmington, Del., for defendant.

LEAHY, District Judge.

Five motions have been argued. Orders may be prepared by the parties in conformity with what follows.

1. Defendant's motion to strike plaintiff's reply to defendant's counterclaim. Defendant's motion with respect to paragraphs 5, 7, 13 and 14 is denied. As to paragraph 15, the motion is granted and denied in part. In that paragraph all averments after the word "customers" in line 3 should be stricken. The motion should be granted as to paragraph 16.

2. Plaintiff's motion directing the witness Jones to continue his testimony. Each of the parties should file with the Clerk sealed writings as to the date of conception and reduction of practice. These sealed writings shall not be open until the first day of trial and in the presence of counsel for the parties. Jones' deposition should continue, but insofar as "dates" are brought into the examination the record must be closed except to the parties. The parties are admonished that this testimony shall be closely guarded with respect to the above cause until after all or any part of such deposition is placed in evidence at the trial. No costs will be allowed plaintiff for the resumption of Jones' deposition.

3. Defendant's motion for order directing witnesses to testify. Defendant's motion will be granted as to 1(a), (d), and (f).

4. Defendant's motion for inspection of documents. Inspection, as of this time, will be granted to defendants for Items 1(b), (c), (e), (f), (g), (j), (k), (l), (m), (n), and (p). The remaining or other requests are denied.

5. Plaintiff's motion for a separate trial and limitation of examination to the separate issues. Plaintiff has brought a declaratory judgment action challenging validity of defendant's patent No. 2,390,941. Defendant charges infringement of its patent, as well as of its mark, and also seeks damages from plaintiff for unfair competition. The patent in suit covers the use, for herbicidal purposes of halogenated phenoxy mononocarboxylic acids, their salts and esters. Such compounds have been found to be toxic to polycotyledonous plants and relatively harmless to monocotyledonous plants; in short, we are dealing with a weed-killer. Such weed-killers have been found effective not only in improving lawns, but also in increasing yields of certain crops. It is obvious to infer that because of the great use of such weed-killers a prompt determination of the validity and infringement of the patent in suit is of importance to the public as well as to the parties in suit and the industry. It is for this reason I believe there should be a prompt determination of the validity and infringement of the patent in suit. The mere private claims of the parties of trade-mark infringement and unfair competition should be postponed until the first question has been determined.

As suggested, orders may be submitted in accordance with the foregoing.